NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

OUTSIDE THE BOX INNOVATIONS, LLC (doing business as Union Rich USA),
*Plaintiff/Counterclaim Defendant-Cross Appellant,*

and

BONAKA LIMITED, BONAKA PLASTIC MANUFACTURING CO., LTD., and UNION RICH PLASTIC FACTORY, LTD.,
*Counterclaim Defendants-Appellees,*

and

CHRISTOPHER URE, MATT WILLIAMS, TERRY KINSKEY and LYNN MARTINEAU,
*Counterclaim Defendants,*

v.

TRAVEL CADDY, INC.
*Defendant/Counterclaimant-Appellant,*

and

ROOSTER PRODUCTS (doing business as The Rooster Group),
*Defendant/Counterclaimant.*

---

2009-1171, -1558

---

Appeal from the United States District Court for the Northern District of Georgia in case no. 1:05-CV-2482, Senior Judge Orinda D. Evans.

---

## ON MOTION

---

Before MAYER, BRYSON, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

## ORDER

Travel Caddy, Inc. moves for reconsideration of the court's order disqualifying its counsel. Outside the Box Innovations, LLC (doing business as Union Rich) (hereafter, "Union Rich") opposes. Travel Caddy replies.

The court's previous order disqualified the law firm of King & Spalding from representing Travel Caddy. During trial, Anthony B. Askew, a partner from King & Spalding, submitted a declaration as an expert witness on behalf of Union Rich concerning Union Rich's request for attorney fees. Although Travel Caddy was represented by different counsel in the district court, Travel Caddy chose to retain King & Spalding to represent it on appeal. Travel Caddy appeals the district court's rulings, inter alia, concerning its patents, and Union Rich cross-appeals the district court's denial of its request for attorney fees.

This court determined that King & Spalding must be disqualified under Rule 1.7 of the Georgia Rules of Professional Conduct (GRPC), "the lawyers from King & Spalding would need to consider whether to challenge the sufficiency of Askew's expert opinion in this appeal." Rule 1.7(a) requires that a lawyer shall not represent a client "if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely

affect the representation of the client . . . ." This court stated that, even assuming the conflict was one that could be waived, there was no showing that Travel Caddy waived the conflict.

In its motion for reconsideration, Travel Caddy asserts that it properly waived the conflict of interest stated in GRPC 1.7(a). GRPC 1.7(b) permits a lawyer to represent a client notwithstanding a significant risk of material and adverse effect if consent is obtained in certain circumstances. GRPC 1.7(c)(3) specifically states, however, that client consent is not permissible if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients."

Regarding these issues, ABA Formal Opinion No. 97-407 is instructive. The ABA Opinion explains that "where the testifying expert might be called upon to testify for the party and could be subject to cross-examination by a lawyer from the expert's own law firm, the representation of a client is barred both by Model Rule 1.7(b) and Model Rule 3.7(b)." ABA Opinion, p. 10.* Although King & Spalding would not technically be cross-examining Askew, we determine that challenging aspects of his declaration as an expert witness on appeal is indistinguishable for purposes of deciding that there is a clear conflict of interest. We also determine that the conflict is

---

* At the time that the ABA Opinion was issued, Model Rule 1.7(b) was similar in content to GRPC 1.7(a). Model Rule 1.7(b) then provided that "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless . . . the client consents after consultation."

not waivable under the Georgia provisions in the circumstances of this case.

This is not a situation in which the Askew declaration is irrelevant to the issues on appeal. In a letter from King & Spalding to Travel Caddy seeking a "reconfirmation of conflict waiver," King & Spalding states that "in representing Travel Caddy in Appeal No. 1558, K&S will not challenge Mr. Askew's experience, qualifications, credibility, or the accuracy or truthfulness of the statements he made in his declaration based on the information considered as reflected in the declaration." However, King & Spalding states in the letter that it will "argue that Mr. Askew's declaration is not relevant or material to the District Court's decision, for instance, because it expresses no opinion and contains no analysis" of certain issues and "that Mr. Askew's declaration does not state that certain pertinent information was provided to or considered by him." In its reply in support of the motion for reconsideration, Travel Caddy further asserts that "K&S is not attacking Mr. Askew by attacking issues he did not address, but rather is attacking [Union Rich] for failing to provide Askew with sufficient information upon which to base his declaration."

Because the conflict of interest involves "circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients," waiver by Travel Caddy's consent is not permissible. GRPC 1.7(c)(3).

We also deem inappropriate Travel Caddy's suggestion that it be permitted to obtain separate counsel for the portions of this case involving Askew's declaration and be permitted to separately brief and argue those portions of the case.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is denied.

(2)  Travel Caddy's opening brief is due within 60 days of the date of filing of this order.

FOR THE COURT

**MAY 2 6 2010**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  J. Rodman Steele, Jr., Esq.
     Vance L. Liebman, Esq.

s8

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

MAY 2 6 2010

**JAN HORBALY**
**CLERK**